Probate Court of Tuscarawas County.

WESTHAFER, ADMR., ET AL V. REED.*

Decided April 25, 1932.

*Stevens & Baker,* for plaintiffs.

*T. J. Russell* and *J. F. Stephenson,* for defendant.

LAMNECK, J.

James B. Westhafer, of Uhrichsville, Ohio, died testate on August 25th, 1931. During his lifetime he was engaged with Florence D. Evans in operating a partnership bank under the trade name of "Commercial Bank, Unincorporated", of Uhrichsville, Ohio.

During the latter part of 1928, the assets of said partnership, of the par value of $259,029.07, became questionable, and to insure the solvency of the bank, it was necessary to deposit other assets in their stead. Florence D. Evans contributed $129,514.53 in cash to make up her share of the questioned assets. The decedent, to make up his portion of the questioned assets, deposited with the assets of the bank, a ninety-day promissory note in the amount of $129,514.54 with Henry W. Westhafer and Harry B. Galbraith as co-makers. On July 12th, 1928, the decedent deeded all his real estate and transferred all his personal property to George W. Reed as trustee, to secure the payment of this note.

---

*Settled by agreement on appeal in the Court of Common Pleas.

The contract relative to and establishing the trust defines the trustee's power as follows:

"That said trustee and his successor and successors shall proceed with all due diligence to procure, perfect and complete sales of said property, real and personal, for the best prices obtainable, for cash or its equivalent, to the satisfaction of said parties hereto and their legal representatives; that he shall turn into the said bank the proceeds of such sale and sales to be credited as so much on said promissory note, he the said trustee to keep strict account of any and all such transactions and such accounts to be open to the inspection of said parties and their legal representatives."

On October 5th, 1931, Henry W. Westhafer was appointed administrator with the will annexed of the estate of said James B. Westhafer, deceased.

The administrator brings this action under the declaratory judgment act, Section 10505-1 to 10505-10, inclusive, of the General Code, asking the court to construe the instrument creating the trust as to whether or not said trust can not be terminated. The co-makers on the note, the Commercial Bank, the surviving partner of the deceased, the principal creditors, the sole legatee under the will of the deceased, and the heirs at law, join in the application to terminate the trust.

The trustee opposes the joint application of all interested parties for several reasons, the pertinent ones to the issue being as follows:

First—That the court has no jurisdiction over the subject matter;

Second—That Case No. 20934 pending in the Court of Common Pleas is a bar to this action;

Third—That the trust can not be terminated, because the objects and purposes of the trust have not been accomplished.

Section 10505-1 of the General Code provides in part that the Probate Court has "power to declare rights, titles, interests and other legal relations" in matters within its jurisdiction, and that any fiduciary or any interested person can bring an action to determine such right.

The question involved in this case is whether the trustee should proceed to administer the property deeded and

transferred to him in trust or whether the administrator with the will annexed should proceed to do so. This is a question arising in administration of an estate, and under Section 10505-2, sub-section C, of the General Code, the Court is given jurisdiction to determine such questions when they involve rights, titles, interests, etc. For this reason, it must be concluded that the Court has jurisdiction over the subject matter.

The action pending in the Court of Common Pleas, which was filed before this action, contains the following prayer:

"That the court direct plaintiff as such trustee as to the further and complete performance of said trust so constituted and for the purpose hereinbefore set out, and particularly that the court direct said trustee in the following matters, namely, that the values of said real estate and personal property and each parcel, portion and item thereof, be ascertained by appraisers to be appointed by this court; that said trustee be ordered and instructed to sell and convey said real estate and personal property at public or private sale, at such minimum prices and on such terms and conditions of payment as the court shall ascertain, determine and order to be right and equitable, and apply the proceeds of such sales to the payment of costs, charges and expenses as the court may determine, and to the liquidation of said promissory note or otherwise as the court shall order and determine, and for all proper relief and orders in the premises."

The plaintiffs in this case ask for a termination of the trust, and that the trustee be ordered to turn over the property in his hands to the administrator with the will annexed.

Both cases involve a construction of the same instrument, but the case pending in the Court of Common Pleas in no way involves the question of whether the trust can be terminated by the joint action of all interested parties. The case in the Court of Common Pleas involves the duties of the trustee only, while this action involves the sole question as to whether the trust can be terminated. Since the two cases ask for different directions they do not conflict and are separate and independent.

The trust was created by the decedent for the sole purpose of protecting the note given to the Commercial

Bank. The parties it intended to protect are the bank, the surviving partner and the co-makers on the note. If the note was not paid, the co-makers would be responsible, and if they could not meet the obligation, then the bank would be obliged to assume the loss. To protect the co-makers, the surviving partner and the bank, it was provided in the trust agreement that the trustee should proceed to sell the property of the decedent and apply the proceeds on the payment of the note. There is no provision in the trust agreement which provides for the continuation of the trust except for the purpose of protecting the note. If the decedent had been able to pay the note, then the trust would have terminated, because the instrument is silent as to the disposition of the trust property if the obligation had been paid. If the sureties should pay the note, then the trust will terminate for the same reason. The effect of this trust is the same as if the decedent had given a mortgage for all his property to the bank, the surviving partner and the co-makers as security. If that had been done, the bank, the surviving partner and co-makers could have released the mortgage. It would likewise follow that they can take similar action in regard to the trust. If the trust was created for the sole purpose of protecting the note given to the Commercial Bank, and if the bank, the surviving partner and the co-makers on the note come into court and ask that the trust be terminated, there would be no reason for continuing the trust because the reason for its creation no longer exists.

It is fudamental that a trust will be terminated where there is no object to be obtained by prolonging it, and the only one objecting to the termination is the trustee. A trust is never continued for the benefit of a trustee.

Since all interested parties for whom the trust was created ask for its termination, and since the purpose for which the trust was created has ceased to exist by reason of the united action of all interested parties, it will be ordered that the trust be terminated and that the trustee, after paying costs and expenses, turn over all property in his hands belonging to the trust to the administrator with the will annexed.